UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<small>AMON</small> P. H<small>UMPHRIES</small>, Guardian and
Conservator for A<small>NGELA</small> D. H<small>UMPHRIES</small>,

    Plaintiff,

v.

A<small>LLSTATE</small> I<small>NSURANCE</small> C<small>OMPANY</small>,

    Defendant.

_____/

Case No. 18-cv-11006

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR STAY OF PROCEEDINGS PENDING OUTCOME OF PETITION FOR WRIT OF MANDAMUS TO THE DISTRICT OF ARIZONA PENDING IN THE NINTH CIRCUIT COURT OF APPEALS [#14]

Presently before this Court is Plaintiff Angela Humphries's Motion to Stay Proceedings filed by her guardian and conservator. Dkt. No. 14. Plaintiff moves for a stay of proceedings in this case pending the outcome of her petition for writ of mandamus pending in the Ninth Circuit.

Plaintiff filed her original complaint on May 25, 2017 against Defendants Allstate Insurance Company ("Allstate") and Corvel Corporation alleging breach of contract, bad faith, and aiding and abetting. Dkt. No. 1, pg. 9–14 (Pg. ID 9–14). The United States District Court for the District of Arizona determined that it did not have personal jurisdiction over Allstate. Dkt. No. 14, pg. 2 (Pg. ID 338). Therefore,

1

on March 28, 2018, it transferred Plaintiff's claim against Allstate to this Court. Dkt. No. 1. On May 8, 2018, Plaintiff filed a petition for writ of mandamus with the Ninth Circuit, challenging the District of Arizona's determination that it lacks personal jurisdiction over Allstate. *Id.* at pg. 3 (Pg. ID 339). If the Ninth Circuit grants the petition, then the present matter will no longer be before this Court. If the Ninth Circuit does not grant relief, then Plaintiff will ask this Court to re-transfer the claims against Allstate back to the District of Arizona so she can leave open an opportunity for indirect appeal. *Id.*

On April 26, 2018, Defendant filed a Motion to Dismiss Count II of Plaintiff's Complaint. Dkt. No. 10. Plaintiff's response to this Motion is due on May 31, 2018. *See* Dkt. No. 13.Therefore, Plaintiff also asserts that she could potentially lose one of her claims if this Court does not stay proceedings. Dkt. No. 14, pg. 8 (Pg. ID 344).

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1997)). "Where the stay motion is premised on the alleged significance of another case's imminent disposition, courts have considered the potential dispositive effect of the other case, judicial economy

2

achieved by awaiting adjudication of the other case, the public welfare, and the relative hardships to the parties created by withholding judgment." *Caspar v. Snyder*, 77 F. Supp. 3d 616, 644 (E.D. Mich. 2015).

If this Court declines to stay proceedings, then it could waste judicial time and resources resolving a case that may be resolved by the Ninth Circuit via Plaintiff's petition for writ of mandamus. No apparent prejudice to the Defendant will result by granting the Motion. Therefore, this Court finds that the interests of judicial economy weigh in favor of staying the proceedings.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Stay Proceedings is **GRANTED**. The proceedings before this Court are stayed pending the Ninth Circuit's decision on Plaintiff's petition for writ of mandamus.

**IT IS FURTHER ORDERED** that Plaintiff shall file either a Notice with the Court within five days of the resolution of her interlocutory appeal or a Status Report by November 30, 2018—whichever is sooner.

SO ORDERED.

Dated: May 30, 2018

          s/Gershwin A. Drain
          Hon. Gershwin A. Drain
          United States District Court Judge